**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TIMOTHY W. CONNORS | : | |
| Plaintiff, | : | |
| v. | : | |
| SHAN-LOR TRUCKING & LEASING CO., INC. and PEDRO P. ORTIZ | : | |
| | : | NO. : 01-CV-1686 |
| v. | : | |
| PAUL LENARDSON | : | |
| Defendants. | : | |

_____

| | | |
|---|---|---|
| DEBBIE FISHER | : | |
| Plaintiff, | : | |
| v. | : | |
| PEDRO ORTIZ, SHAN-LOR TRUCKING EQUIPMENT | : | |
| Defendants/Third Party Plaintiffs | : | NO. : 01-CV-1686 |
| v. | : | |
| PAUL LENARDSON | : | |
| Third Party Defendant. | : | |

**DEFENDANTS', SHAN-LOR TRUCKING & LEASING CO., INC.
AND PEDRO ORTIZ, ANSWER WITH AFFIRMATIVE DEFENSES
AND CROSSCLAIM TO PLAINTIFF, TIMOTHY W. CONNORS' COMPLAINT**

Defendants', Shan-Lor Trucking & Leasing Co., Inc. and Pedro Ortiz, by and through their attorneys, Post & Schell, P.C., hereby file the following Answer with Affirmative Defenses and Crossclaim to plaintiff's Complaint, and in support thereof aver as follows:

**Parties**

1.Denied.  Answering defendants are without sufficient knowledge or information, after reasonable investigation, to be able to form a belief as to the truth of the allegations appearing in this paragraph of the Complaint, and leaves plaintiff to his proofs.

2.Admitted.

3.Admitted in part, denied in part.  It is admitted only that answering defendant, Shan-Lor Trucking & Leasing Co., Inc., is a New York corporation.  The remaining allegations appearing in this paragraph are denied.  By way of further answer, answering defendant, Shan-Lor Trucking & Leasing Co., Inc., has a main place of business located at 2374 Mezzio Road, Forestville, New York, NY  14062.

4.Denied.  Answering defendants are without sufficient knowledge or information, after reasonable investigation, to be able to form a belief as to the truth of the allegations appearing in this paragraph of the Complaint, and leaves plaintiff to his proofs.

**Jurisdiction**

5.Admitted only that this Court has diversity jurisdiction.  Answering Defendants leave plaintiff to his proofs regarding damages.

**Venue**

6.Admitted.

**Material Allegations of Fact**

7. Denied. Answering defendants are without sufficient knowledge or information, after reasonable investigation, to be able to form a belief as to the truth of the allegations appearing in this paragraph of the Complaint, and leaves plaintiff to his proofs.

8. Denied. The allegations contained in this paragraph of the Complaint are denied as conclusions of law. By way of further answer, answering defendants are unable to form a belief as to the truth of the allegations appearing in this paragraph of the Complaint, and leaves plaintiff to his proofs. Moreover, it is specifically denied that any alleged act or omission of answering defendants in any way caused or contributed to any of plaintiff's alleged injuries or damages.

### Cause of Action: Negligence

9. Answering defendants incorporate by reference their answers to paragraphs 1 through 8 as though more fully set forth herein at length.

10. Denied. The allegations contained in this paragraph of the Complaint are denied as conclusions of law to which no responsive pleading is necessary.

11. Denied. The allegations contained in this paragraph of the Complaint are denied as conclusions of law to which no responsive pleading is necessary. Moreover, it is specifically denied that answering defendants were negligent, careless and/or reckless. By way of further answer, answering defendants are unable to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and leaves plaintiff to his proofs.

12. Denied. The allegations contained in this paragraph of the Complaint are denied as conclusions of law to which no responsive pleading is necessary. Moreover, it is specifically denied that answering defendants were negligent, careless and/or reckless. Moreover, it is specifically denied that any alleged act or omission of answering defendants in any way caused or contributed to any of plaintiff's alleged injuries or damages.

13. Denied. The allegations contained in this paragraph of the Complaint are denied as conclusions of law to which no responsive pleading is necessary. Moreover, it is specifically denied that answering defendants were negligent, careless and/or reckless. Moreover, it is specifically denied that

any alleged act or omission of answering defendants in any way caused or contributed to any of plaintiff's alleged injuries or damages.

### Demand for Jury Trial

14.   Admitted.

### Prayer for Relief

**WHEREFORE**, answering defendants demand judgment in their favor, together with counsel fees and costs.

### AFFIRMATIVE DEFENSE

Defendants were not negligent, careless, and/or reckless at any time material hereto.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff may have failed to state a cause of action upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

The applicable Statute of Limitations may have expired prior to the institution of this action

### FOURTH AFFIRMATIVE DEFENSE

Defendants caused no injuries or damage to plaintiff, and any injury or damage allegedly sustained by the plaintiff may have been caused by a party other than the defendants and not within the control of defendants.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff may have assumed the risk of injury.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff may have been contributorily negligent.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff may have executed a release discharging defendants in the within action.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred and/or limited by the application of the Pennsylvania Comparative Negligence Act.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff may have been otherwise negligent as may be determined during the course and scope of discovery and/or trial.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and/or limited by the applicable provisions of the Pennsylvania Motor Vehicle Responsibility Law, 75 Pa.C.S.A. Section 1701 et seq and any amendments thereto.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendants breached no duty to the plaintiff.

### TWELFTH AFFIRMATIVE DEFENSE

If defendants were negligent, which is expressly denied, then the acts or omissions of defendants alleged to constitute negligence were not substantial factors or causes of the action or incident of which plaintiff complains and/or did not result in the injuries or damages alleged by the plaintiff.

### THIRTEENTH AFFIRMATIVE DEFENSE

The intervening negligent acts or omissions of other persons or entities may have constituted superseding causes of the accident or incident of which plaintiff complains, and any injuries or damages allegedly suffered by the plaintiff were caused by such superseding negligence of other persons and/or entities.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendants raise the Sudden Emergency Doctrine as an defense herein.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff is negligent as a matter of law for violation of the statutes pertaining to the operation of motor vehicle.

## SIXTEENTH AFFIRMATIVE DEFENSE

Pennsylvania Rule of Civil Procedure 238 regarding delay damages is unconstitutional.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to assert at the time of trial any and all affirmative defenses revealed through discovery.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Statute of Limitations.

### CROSSCLAIM DIRECTED TO CO-DEFENDANT, PAUL LENARDSON

33.    Answering defendants incorporate by reference their answers to paragraphs 1 through 32 as though more fully set forth herein at length.

34.    If plaintiff is entitled to recover damages as set forth in his Complaint, which injuries and damages are specifically denied, then co-defendant, Paul Lenardson, is solely liable to plaintiff, or liable over to answering defendants, or jointly and/or severally liable over to answering defendants for any alleged injuries, losses and/or damages which may have been suffered by plaintiff.

35.    The incident as alleged in plaintiff's Complaint was not caused by the actions and/or failure to act on the part of answering defendants, and if plaintiff did suffer any injuries, losses and/or damages, as alleged, which are hereby specifically denied, then any such injuries, losses and/or damages were caused by the negligence, carelessness and/or recklessness of co-defendant, Paul Lenardson, for his

actions and/or failure to act as alleged in plaintiff's Complaint, and said additional defendant is solely liable to plaintiff, jointly and/or severally liable to plaintiff, or liable over to answering defendants, Shan-Lor Trucking & Leasing Co., Inc. and Pedro Ortiz.

36. If plaintiff recovers any verdict against answering defendants, Shan-Lor Trucking & Leasing Co., Inc. and Pedro Ortiz, then answering defendants demand judgment in the amount of verdict or full indemnity and contribution according to law against co-defendant, Paul Lenardson.

**WHEREFORE**, answering defendants, Shan-Lor Trucking & Leasing Co., Inc. and Pedro Ortiz, demand that judgment be entered in their favor, and that if there is any liability owed to plaintiff, that co-defendant, Paul Lenardson, be found solely liable, and/or jointly and severally liable with answering defendants and/or liable to answering defendants for contribution and/or indemnification.  Answering defendants further request that if any verdict is recovered by plaintiff against them, then judgment is requested is requested to be entered in their favor over and against co-defendant, Paul Lenardson, by way of contribution and/or indemnification, together with such other relief as the Court deems just and proper.

**POST & SCHELL, P.C.**

_____
JOSEPH R. FOWLER, ESQUIRE